UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HENRY BOGAN,

    Plaintiff,

v.                                                              Case No: 8:17-cv-877-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff, Henry Bogan, seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits, and supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.    Procedural Background

Plaintiff filed an application for a period of disability on December 8, 2011. (Tr. 110.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 174, 190.) Plaintiff then requested an administrative hearing. (Tr. 203.) Upon Plaintiff's request, the ALJ held a hearing on February 26, 2014, at which Plaintiff appeared and testified. (Tr. 39–66.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 150–65.) Plaintiff timely requested review of the denial, and the Appeals Council remanded the action. (Tr. 166–71.) A second hearing was held on November 10, 2015. (Tr. 67–109.) The ALJ again issued a decision denying Plaintiff

benefits on January 6, 2016. (Tr. 21–33.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–6.) Plaintiff then timely filed a complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1963, claimed disability beginning on September 12, 2011. (Tr. 110.) Plaintiff has a limited education. (Tr. 371.) Plaintiff's past relevant work experience included work as a warehouse worker and prep cook. (Tr. 31, 371.) Plaintiff alleged disability due to bipolar disorder and depression. (Tr. 370.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since September 12, 2011, the alleged onset date. (Tr. 23.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: depression, mood disorder, bipolar disorder, schizoaffective disorder, and antisocial personality disorder. (Tr. 23.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to "perform a full range of work at all exertional levels, with the following nonexertional limitations: performing only simple, routine, and repetitive job tasks in an unskilled work environment with specific vocational preparation (SVP) levels of one (1) or two (2) and only occasional interaction with the public and supervisors." (Tr. 26.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms

alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully credible. (Tr. 27.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform his past relevant work. (Tr. 31.) Further, given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a packager, a commercial cleaner, and a kitchen helper. (Tr. 32.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 33.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-

related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the

correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the grounds that the ALJ erred in finding that Plaintiff had moderate difficulty in social functioning. (Dkt. 17 at 5.) For the reasons that follow, this contention does not warrant reversal.

In his argument, Plaintiff points to records indicating that Plaintiff does not like to be around other people and was regularly assigned a global assessment of functioning ("GAF") score of fifty. (Dkt. 17 at 6.) Plaintiff recognizes that GAF scores cannot be used in isolation to make a disability determination. (*Id.* at 7.) However, Plaintiff argues that the record demonstrates that Plaintiff's mental illness deteriorated after March 20, 2014, after the state agency physicians rendered their opinions. (*Id.*) Plaintiff also asserts that his criminal record, including various arrests and convictions between 1982 and 2010, is connected to his mental illness. (*Id.*) Plaintiff relies on the testimony of the VE, who testified that if an individual became verbally or physically aggressive once a month, that person would not be able to perform any work, including Plaintiff's past work. (Tr. 62–63.) The VE further testified that if after six months an employee had two weeks of severe problems getting along with others, it would prevent employment. (Tr. 64.)

The Court notes that Plaintiff does not argue that the ALJ erred in finding that Plaintiff does not meet a Listing. Rather, Plaintiff makes the specific argument that the ALJ erred in finding Plaintiff has moderate limitations in social functioning, then makes the broader statement that "no reasonable person would conclude that the claimant was capable of interacting appropriately with co-workers, supervisors, and/or the public on a sustained basis over a vocationally relevant period of time." (Dkt. 17 at 7.) Plaintiff's arguments appear to attack the ALJ's assessment of Plaintiff's

social functioning and RFC determination. However, to the extent Plaintiff is attempting to challenge the ALJ's decision that Plaintiff does not meet a Listing, Plaintiff's statement is insufficient to raise this issue for appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

With regard to the ALJ's assessment of Plaintiff's social functioning, "[a]gency regulations require the ALJ to use the 'special technique' dictated by the [Psychiatric Review Technique Form] PRTF for evaluating mental impairments." *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005); 20 C.F.R. § 404.1520a (effective June 13, 2011). Utilization of the special technique requires separate evaluations concerning how the claimant's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." *Moore*, 405 F.3d at 1213–14; 20 C.F.R. § 404.1520a(c)(3). "The ALJ is required to incorporate the results of this technique into the findings and conclusions." *Moore*, 405 F.3d at 1213–14; *see* 20 C.F.R. § 404.1520a(e)(4).

In assessing the severity of Plaintiff's mental impairments, the ALJ found that Plaintiff has moderate difficulties in social functioning. (Tr. 25.) The ALJ reasoned that while Plaintiff reported that he spent time with others, went to church, shopped, and played sports, he also had problems getting along with others because of anger problems. (*Id.*) The ALJ specifically noted that Plaintiff had been fired due to his social problems and had been charged with aggravated battery. (*Id.*) Using this assessment, as well as the other special technique findings, the ALJ

concluded that Plaintiff had severe mental impairments, but did not have an impairment or combination of impairments that met a listed impairment. (*Id.*) Thus, the ALJ properly included the results of the PRTF into his findings and conclusions. *Moore*, 405 F.3d at 1213–14. The ALJ then assessed Plaintiff's RFC.

In his RFC determination, the ALJ limited Plaintiff to performing only simple, routine, and repetitive job tasks in an unskilled work environment with SVP levels of one or two and only occasional interaction with the public and supervisors. (Tr. 26.) At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The RFC is defined as the most a claimant "can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). To determine a claimant's RFC, an ALJ makes an assessment based on all of the relevant evidence of record as to what a claimant can do in a work setting despite any physical, mental, or environmental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), (3), 416.945(a)(1), (3). Therefore, the ALJ's RFC assessment need not be identical to a particular assessment of record or incorporate precise limitations set forth by a physician. *See* 20 C.F.R. § 416.945(a)(3) (stating that all of the record evidence is considered in the RFC assessment). Further, while the ALJ should consider medical opinions regarding a claimant's ability to work in forming the RFC, the medical opinions are distinct from the RFC assessment. *Id.* §§ 404.1527, 404.1545, 416.913(a), 416.927, 416.945.[1] Specifically, a claimant's RFC is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).

---

[1] For claims filed before March 27, 2017, including Plaintiff's claim, the rules in 20 C.F.R. §§ 404.1527, 416.927 apply.

The Commissioner argues that substantial evidence supports the ALJ's findings regarding Plaintiff's social functioning. The ALJ considered Plaintiff's reports that he has problems getting along with others, but noted that Plaintiff testified that his medications keep him calm. (Tr. 26, 53.) As noted by the ALJ, Plaintiff's treatment notes from December 2011 through August 2015 consistently reflected unremarkable mental status findings, including normal attitude and behavior. (Tr. 27–29, 507, 509, 523, 549, 551, 555, 563–64, 571, 573, 578–79, 590–91, 597–600, 608, 610, 612, 614, 616, 618, 620, 622, 624, 626.) The ALJ further reasoned that Plaintiff received conservative treatment with medication and reported that his medication helped with his symptoms, including irritability and problems with being around others. (Tr. 27–29, 507, 549, 551–52, 554–55, 563, 573, 581, 584, 591, 593, 596, 600, 604, 608, 616, 618, 620, 624.) Therefore, the ALJ's finding regarding Plaintiff's social functioning is supported by substantial evidence. *Moore*, 405 F.3d at 1213 (affirming the ALJ's RFC determination as supported by substantial evidence despite claimant's citing other record evidence to challenge the ALJ's RFC assessment).

The ALJ's RFC assessment is also supported by the findings of state agency reviewing psychological consultants Dr. Mike Dow and Dr. Pamela Green. Both Dr. Dow and Dr. Green found that Plaintiff had moderate difficulties in maintaining social functioning, as well as mild difficulties in activities in daily living, mild difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation. (Tr. 113, 121, 133, 143.) The ALJ afforded Dr. Dow and Dr. Green's opinions significant weight as they were well-supported by the record. (Tr. 30.) However, the ALJ concluded that Plaintiff has moderate limitations in his ability to maintain concentration, persistence, or pace, as shown by evidence entered into the record after Dr. Dow and Dr. Green rendered their opinions. (*Id.*)

Plaintiff points to Plaintiff's treatment notes wherein he was assigned a GAF score of fifty by Dr. Pavan Pancholy. (Dkt. 17 at 6.) The ALJ expressly addressed these GAF scores, noting that a score of fifty is on the cusp of moderate mental symptoms. (Tr. 28.) However, the ALJ also noted that GAF scores are only a "snapshot" opinion about the claimant's current level of functioning and cannot be used in isolation to make a disability decision. (Tr. 29.) The ALJ also considered that the Commissioner has declined to endorse the GAF scale for use in disability programs. *Id.*; Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 FR 50746-01; *see Luterman v. Comm'r of Soc. Sec.*, 518 F. App'x. 683, 690 (11th Cir. 2013). Further, the ALJ reasoned that Dr. Pancholy's mental status examination findings did not support the GAF scores and revealed generally normal results, including Plaintiff's attitude and behavior. (Tr. 29–30.) Consequently, the ALJ accorded great weight to the results of the mental examination findings, but lesser weight to the GAF scores. (Tr. 30.) As addressed above, the record supports the ALJ's conclusion, as Plaintiff's mental examinations regularly resulted in unremarkable mental status findings, including normal attitude and behavior. (Tr. 507, 509, 523, 549, 551, 555, 563–64, 571, 573, 578–79, 590–91, 597–600, 608, 610, 612, 614, 616, 618, 620, 622, 624, 626.) Accordingly, Plaintiff's argument does not warrant reversal.

To the extent that Plaintiff points to other evidence which would undermine the ALJ's RFC determination, his contentions misinterpret the narrowly circumscribed nature of the court's appellate review, which precludes us from "re-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner] . . . even if the evidence preponderates against" the decision. *Moore*, 405 F.3d at 1213 (quoting *Bloodsworth,* 703 F.2d at 1239). This court may not reweigh the evidence and decide facts anew and must defer to the ALJ's decision if it is supported

by substantial evidence even if the evidence may preponderate against it. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on June 6, 2018.

							_____
							JULIE S. SNEED
							UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record